Catron, Ch. J.
delivered the opinion of the court.
A. B. Bradford was attorney general, but the indictment is signed by Robert Hughes, appointed by the court to prosecute for the term. It is now moved to arrest the judgment because the indictment was not preferred by the proper officer.
The 5th article of the 2d section of the constitution provides, that the Legislature shall appoint an attorney or attorneys for the State, who shall hold their office during good behavior.
The act of 1817, ch. 139. sec. 8, provides, that when their is no solicitor in attendance, any attorney of the court appointed for that purpose may prosecute, and at *529 tend to the State’s business. That the State can employ or appoint counsel to do her business, if the regular officer is unable to do so, or there be none, cannot he questioned. But it is insisted, the order appointing Mr. Hughes does not show the court had jurisdiction. “Robert Hughes was this day appointed prosecuting attorney for the present term; whereupon he took the oath prescribed by law,” are the word's of the order.
The court could not else than know that the attorney general was absent, and it was its duty to appoint a deputy for the time being. The orders of superior courts are general, and the existence of the facts to authorize them are presumed in cases like the present. Fields vs. the State, Mar. and Yerg. Rep. 176.
The next objection is, that the court misdirected the jury. Douglass, with two constables, with several others, in a threatening manner, took from the smoke house of Kincaid some of his negroes, claiming the right to do so by virtue of executions against Kincaid’s son-in-law. The smoke house was within the curtilage of the mansion house. The court charged the jury, that the house could not be lawfully broken open with violence, even had the negroes been subject to the executions, without first demanding admittance from Kincaid, and a refusal to open the house. This is the law in cases where the property of a defendant to an execution is in the house of a third person; a demand for admittance, and refusal, is necessary to justify the offence. 5 Co. 93, a: 4 Com. Di. 232, (Execution, C, 5.)
The fifth count in the indictment charges the riot to have been committed by violently, &c. breaking open a smoke house or out house, and taking therefrom the ne-groes of the prosecutor; and it is insisted, that it must be taken the smoke house was an out house, and no demand for permission to enter it necessary. There are five counts in the indictment to which not guilty was pleaded,, and the defence rested on the authority furnished by the *530 legal process. To show that the conduct of the officer and the defendant was illegal, notwithstanding the authority, and as rebutting evidence, the State proved the lock was broken off of the.smoke house door with a pole axe, in a violent, riotous manner, and that the smoke house was part of the curtilage of Kincaid.
This proof was competent and necessary to sustain the first count in the indictment, and we apprehend,-as proof in aggravation on either count, it was properly heard, notwithstanding the fifth count alleges the negroes were taken from an out house.
We think that in reference to the pleadings and facts proved, the charge of the court could not have been more critically accurate, and that the judgment must be affirmed. The executions furnished no justification to the conduct of the defendant and those associated with him, had the negroes belonged to the defendant in the executions; the fact that they did not, is an aggravation, and a very serious one, if the defendant was aware of the fact, or had good reason to believe it.
Judgment affirmed.